## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FIRST MERCURY INSURANCE
COMPANY, CORPORATE DRIVE
APARTMENTS LLC, and
CARRAWAY APARTMENTS, LLC

     Plaintiffs,

v.

THE TRAVELERS INDEMNITY
COMPANY and MARCH
ASSOCIATES CONSTRUCTION INC.

     Defendant.

CIVIL ACTION NO.:  22-cv-7043

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, First Mercury Insurance Company, ("First Mercury"), Corporate Drive Apartments LLC, ("Corporate Drive"), and Carraway Apartments, LLC, ("Carraway"), by and through their counsel, Kennedys CMK LLP as and for their Complaint for Declaratory Judgment against the Defendants, The Travelers Indemnity Company, ("Travelers"), and March Associates Contraction Inc., ("March"), alleges, upon information and belief, as follows:

## INTRODUCTION

1.  This declaratory judgment action arises out of an underlying lawsuit styled Marc Frasca v. Corporate Drive Apartments LLC, Carraway Apartments, LLC and March Associates Construction, Inc., and pending in the Supreme Court of the State of New York, Westchester County, under index number 64500/2021 (the "Underlying Action"), wherein Marc Frasca ("Frasca"), seeks to recover damages for injuries he allegedly sustained on July 20, 2020, while working at a construction site located at 105 Corporate Park Drive, West Harrison, New York.

2.　　　In the instant action, First Mercury, Corporate Drive and Carraway seek a declaration that March and/or Travelers are obligated to provide additional insured coverage to Corporate Drive and Carraway on a primary and non-contributory basis in the Underlying Action and March and/or Travelers must therefore assume the defense and indemnity of Corporate Drive and Carraway in the Underlying Action.

3.　　　First Mercury also seeks a declaration that March and/or Travelers must reimburse First Mercury for the defense costs it has incurred in the Underlying Action on behalf of Corporate Drive and Carraway, with interest.

4.　　　Furthermore, due to Travelers' failure to defend Corporate Drive and Carraway as additional insureds, First Mercury has undertaken such defense and Travelers has been unjustly enriched.

5.　　　To date, despite multiple requests, March and Travelers have failed to defend Corporate Drive and Carraway as additional insureds in the Underlying Action, and March and/or Travelers have not reimbursed First Mercury for the defense costs it has incurred defending Corporate Drive and Carraway in the Underlying Action.

**PARTIES**

6.　　　At all times hereinafter mentioned, First Mercury was, and still is, a corporation organized and existing under the laws of the State of Delaware, with its main administrative office located in Morristown, New Jersey. At all relevant times, First Mercury was and is authorized to do business in the State of New York.

7.　　　At all times hereinafter mentioned, Corporate Drive was, and still is, a domestic limited liability company duly formed and existing by virtue of the laws of the State of New York with its principal place of business located at 28 Liberty St., New York, New York.

2

8.      At all times hereinafter mentioned, Carraway was, and still is, a foreign limited liability company duly formed and existing by virtue of the laws of the State of Delaware with its principal place of business located at 105 Corporate Park Drive, West Harrison, New York..

9.      At all times relevant, Corporate Drive owned the property located at 103-105 Corporate Park Drive, West Harrison, in the County of Westchester, State of New York.

10.      At all times relevant, Carraway was assigned and assumed the obligations of the owner of the property located at 103-105 Corporate Park Drive, West Harrison, in the County of Westchester, State of New York.

11.      At all times hereinafter mentioned, Travelers was, and still is, an insurance company organized and existing under the laws of the State of Connecticut, having its principal place of business located in Hartford, Connecticut.

12.      At all times hereinafter mentioned, March was, and still is, a foreign corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located in Wayne, New Jersey.

13.      Upon information and belief, Travelers was, and still is, a foreign corporation authorized to conduct business and issue insurance policies in New York.

## JURISDICTION AND VENUE

14.      This Declaratory Judgment Action is brought pursuant to 28 USC § 1332, § 2201 and § 2202 because: (i) there is an actual and justiciable controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

15.     Venue is proper under 28 USC § 1391(b) and (c) because the Plaintiffs, Corporate Drive and Carraway, reside in this District and a substantial part of the events giving rise to the claim occurred in this District, where the property at issue is situated.

## FACTUAL BACKGROUND

**A.     The Underlying Action**

16.     This declaratory judgment action arises out of an incident that allegedly occurred on July 20, 2020, when Frasca fell from a beam while working at a construction site located at 103-105 Corporate Park Drive, West Harrison, New York (the "Property").

17.     As a result, on or about October 28, 2021, Frasca filed a Verified Complaint in the Underlying Action seeking damages from Corporate Drive, Carraway, and March for their alleged negligence and violations of New York's Labor Laws.

18.     Specifically, it is alleged that Corporate Drive and/or Carraway owned, operated, maintained, controlled and/or managed the Property and that Corporate Drive and/or Carraway hired March to act as the general contractor or construction manager to preform construction work at the Property.

19.     The Underlying Action further alleges that March retained 360 Fire Prevention ("360"), to perform work at the Property and that Frasca was engaged in the scope of his employment for 360 when he was allegedly injured at the Property.

20.     First Mercury has been defending its insureds Corporate Drive and Carraway in the Underlying Action.

**B.     The Agreement**

4

21.     By contract dated November 10, 2017, Corporate Drive and March entered into a Construction Management Agreement (the "Agreement"), which provides the following relevant definitions:

**Article 1**
**Definitions**

\*          \*          \*          \*

"Affiliated Entity" shall mean, with respect to any entity, directly or indirectly controlling or controlled by, or under the direct or indirect common control with, such entity. For the purposes of this Agreement, "control" as used with respect to any entity, means the possession, directly or indirectly, of the power to direct or cause the direction of the management of such entity, whether through ownership of voting securities or by contract or otherwise.

"Indemnitees" shall mean Owner, Corporate Drive Apartments, LLC, Toll Brothers, Inc., Toll Bros., Inc., and Its respective partners, principals, shareholders, directors, agents, employees, Affiliated Entities, successors and assigns.

"Owner" shall mean Corporate Drive Apartments, LLC.

22.     In addition, the Agreement sets forth the following relevant provisions, in part:

ARTICLE 18 MISCELLANEOUS PROVISIONS

18.4 Assignment

18.4.2 Assignment by Owner

18.4.2.1   This Agreement shall be freely assignable by Owner without consent of Construction Manager … .

\*          \*          \*          \*

18.12 Indemnification

18.12.1   In addition to the indemnification obligations of Construction Manager set forth in Section 15.2 respecting Hazardous Materials, and to the fullest extent permitted by law, Construction Manager shall indemnify, hold harmless and defend the Indemnitees from and against all losses, claims, costs, damages, and expenses (including, without limitation, attorneys' fees and

disbursements), arising out of or in connection with: (1) any personal injury, sickness, disease or death, ... sustained or purported to have been sustained as a result of the performance of the Work; ... to the extent such loss, claim, cost damage or expense is caused in whole or in part by any act, omission or negligence of Construction Manager, the Trade Contractors, or anyone for whose acts Construction Manager may be liable. Such obligation shall arise regardless of any claimed liability on the part of an Indemnitee. ...

Notwithstanding anything in this section to the contrary, no indemnity obligation is owed to the Owner with respect to a situation or issue that is caused solely by the negligence of the Owner, and no other entity.

*      *      *      *

23.     The Agreement also includes Exhibit K, Insurance Specifications, revised on November 10, 2017, which requires March to obtain commercial general liability insurance with limits of at least $1 million per occurrence and umbrella/excess liability insurance with limits of at least $25 million per occurrence.

24.     Exhibit K provides, in pertinent part:

1.2 The following terms and conditions apply to CGL coverage acquired to satisfy the terms of this Exhibit: ... (iii) All CGL policies shall include a specific endorsement or Blanket endorsement (with Owners prior approval) naming "Corporate Drive Apartments, LLC, its members, Toll Brothers, Inc., Toll Bros., Inc., and their parents, subsidiaries and affiliates" and any other entity that may be required from time to time as additional insureds (collectively, "Additional Insureds") on all CGL policies for both ongoing and completed operations and shall provide additional insured coverage to Additional Insured's for the full limits of liability purchased by Construction Manager. ... (iv) All CGL coverage provided by Construction Manager shall be considered primary coverage notwithstanding any insurance policies maintained by Additional Insureds. Additional Insureds' own insurance shall be noncontributory.

1.5    The follow parties including their respective members, subsidiaries and affiliates shall be named as additional insureds on the Construction Manager's commercial General Liability, Automobile Liability, and Umbrella/Excess Liability policies for

6

liability arising out of the Project Work for the operations of Construction Manager; Corporate Drive Apartments, LLC, and its members, Toll Brothers, Inc., Toll Bros., Inc., and their parents, subsidiaries and affiliates. Any additional persons or organization as Owner may designate by giving written notice to Construction Manager shall also be named as Additional Insured.

25.   Thus, the Agreement specifically requires March to name Corporate Drive as an additional insured to its general liability policy on a primary and non-contributory basis.

26.   Per the agreement, March also agreed to defend, indemnify and hold Corporate Drive harmless from claims caused in whole or in part by any act, omission or negligence of March, its subcontractors, or anyone for whose acts March may be liable.

27.   Additionally, the Agreement expressly allows the Owner, Corporate Drive, to assign its rights under the Agreement without the Construction Manager's consent.

28.   Prior to July 20, 2020, Corporate Drive entered into an Assignment and Assumption of Agreement with Carraway, whereby Corporate Drive assigned all of its right, title and interest in the Agreement to Carraway (the "Assignment").

**C.   Claims Correspondence**

29.   By correspondence to March and Travelers dated March 2, 2021, First Mercury tendered the claim and sought a defense and indemnity for Corporate Drive and Carraway as additional insureds under the Travelers Policies on a primary and non-contributory basis.

30.   By e-mail dated March 3, 2021, Travelers acknowledged First Mercury's tender and advised that it was investigating the loss but that any tender was premature as no lawsuit had been filed.

31.   By correspondence dated November 15, 2021, First Mercury reiterated its tender to March and Travelers, and forwarded a copy of the summons and complaint that was filed in the Underlying Action, seeking a defense and indemnity on behalf of Corporate Drive and Carraway

as additional insureds on a primary, noncontributory basis, and demanding that March and/or Travelers reimburse First Mercury for costs incurred in defending Corporate Drive and Carraway.

32.     By correspondence dated December 22, 2021, First Mercury's defense counsel also tendered the Underlying Action to March and Travelers, and by e-mail dated December 23, 2021, Travelers responded that a claim had already been opened for the loss.

33.     Travelers, however, has never formally responded to First Mercury, Corporate Drive, and/or Carraway's demand for additional insured coverage and, from January through May 2022, First Mercury and its defense counsel renewed its tenders to Travelers no less than thirteen (13) times.

34.     To date, March and Travelers have failed to honor their obligation to provide additional insured coverage to Carraway and Corporate Drive and to defend and hold them harmless in the Underlying Action.

35.     Additionally, March and/or Travelers have refused to reimburse First Mercury for costs incurred to date in defending Corporate Drive and Carraway in the Underlying Action.

**D.      The Insurance Policies**

     **i.      The First Mercury Policy**

36.     First Mercury issued a Commercial General Liability Insurance Policy to Corporate Drive, under policy number NY-CGL-0000076542-01, in effect for the policy period of January 19, 2018 to July 30, 2020 (the "First Mercury Policy.")

37.     The First Mercury Policy's "Other Insurance" clause provides, in relevant part, as follows:

    b.  Excess Insurance

       (1) This insurance is excess over:

\*      \*      \*      \*

    (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

  (2) When this insurance is excess we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

\*      \*      \*      \*

**ii.      The Travelers Policies**

38.      Travelers issued a commercial general liability policy to March, under policy number VTC2K-CO-2F656123-IND-21, in effect for the policy period January 1, 2020, to January 1, 2021, with liability limits of $2,000,000 per occurrence.

39.      Travelers also issued an umbrella policy to March, under policy number CUP-3P916666-21-25, in effect for the policy period January 1, 2020, to January 1, 2021, with limits of $10 million per occurrence.

40.      Upon information and belief, both Corporate Drive and Carraway are entitled to and qualify for additional insured coverage under the Travelers Policies on a primary and non-contributory basis with respect to the claims asserted in the Underlying Action.

41.      March and Traveler's have yet to acknowledge their duty to defend and indemnify Corporate Drive and Carraway in the Underlying Action.

42.      March and Travelers have also failed to reimburse First Mercury for the costs incurred by First Mercury in defending Carraway and Corporate Drive in the Underlying Action to date.

## AS AND FOR A FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT AS TO TRAVELERS AND MARCH)

43.     Plaintiffs repeat, reiterate and reallege each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

44.     Pursuant to the Agreement, March was required to procure additional insured coverage on a primary and non-contributory basis on behalf of Corporate Drive in connection with March's work at the Property.

45.     The claims asserted in the Underlying Action relate to injuries that arose out of or were caused, in whole or in part, by March's acts or omissions in the performance of its work and/or operations for Corporate Drive at the Property.

46.     Corporate Drive is therefore entitled to additional insured coverage and a defense and indemnity from March in connection with the claims asserted in the Underlying Action, on a primary and non-contributory basis.

47.     In addition, the Agreement specifically states that "any other entity that may be required from time to time" is an additional insured and the term "Indemnitees" includes assigns.

48.     Prior to the alleged incident that is the subject of the Underlying Action, Corporate Drive entered into the Assignment with Carraway, whereby Corporate Drive assigned all of its right, title and interest in the Agreement to Carraway.

49.     Thus, pursuant to the Agreement and the Assignment, Carraway is also entitled to additional insured coverage and a defense and indemnity from March in connection with the claims asserted in the Underlying Action, on a primary and non-contributory basis.

50.     Upon information and belief, the Travelers Policies provide additional insured coverage to Corporate Drive and Carraway on a primary and non-contributory basis with respect to the claims asserted in the Underlying Action.

51.     First Mercury and Corporate Drive and Carraway's defense counsel have timely and effectively tendered the defense and indemnity of Corporate Drive and Carraway to March and Travelers for the claims asserted in the Underlying Action.

52.     March has not acknowledged its contractual obligations to Corporate Drive and/or Carraway with respect to the claims asserted in the Underlying Action.

53.     Travelers has failed to timely disclaim coverage to Corporate Drive and Carraway for the claims asserted in the Underlying Action.

54.     Travelers has waived and/or is estopped from raising any coverage defenses it may have under the Travelers Policy pursuant to New York Insurance Law § 3420 and common law.

55.     March and Travelers have not acknowledged their obligations to Corporate Drive or Carraway and have wrongfully refused to defend and indemnify Carraway and Corporate Drive in connection with the Underlying Action.

56.     Specifically, March and Travelers failed to assume Carraway and Corporate Drive's defense in the Underlying Action as additional insureds and failed to reimburse First Mercury for those defense costs incurred to date, which continue to accrue.

57.     Plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of March and/or Traveler's failure to honor its contractual obligations, including but not limited to providing Corporate Drive and Carraway with a defense and potential indemnification in the Underlying Action.

58.     An actual justiciable controversy exists between the parties regarding March and/or Traveler's obligations to Corporate Drive and Carraway in connection with the claims asserted in the Underlying Action.

59.     Plaintiffs Corporate Drive and Carraway are entitled to a declaration that March and/or Travelers is obligated to provide Corporate Drive and Carraway with a defense and indemnification in the Underlying Action on a primary and non-contributory basis.

60.     Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## (REIMBURSEMENT AS TO TRAVELERS AND MARCH)

61.     Plaintiffs repeat, reiterate and reallege each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

62.     As explained, under the Agreement and Assignment, March is required to provide Corporate Drive and Carraway with additional insured coverage on a primary and contributory basis with respect to claims arising out of or related to March's ongoing operations at the Property.

63.     Upon information and belief, March procured and obtained the Travelers Policies to provide, in relevant part, such additional insured coverage to Corporate Drive and Carraway.

64.     First Mercury and defense counsel timely and effectively tendered the defense and indemnity of Corporate Drive and Carraway to March and Travelers for the claims asserted in the Underlying Action.

65.     To date, however, March and/or Travelers have not acknowledged their obligations to defend Corporate Drive and Carraway in the Underlying Action.

66.     As a result, First Mercury has been defending both Corporate Drive and Carraway in the Underlying Action and has incurred costs and expenses related to said defense, which continue to accrue.

67.     March and/or Travelers has failed to reimburse First Mercury for the costs it has incurred to date in providing Corporate Drive and Carraway with a defense for the Underlying Action.

68.     As a result of March and/or Traveler's improper failure and/or refusal to defend Corporate Drive and Carraway in the Underlying Action, First Mercury has incurred and paid the costs to defend Corporate Drive and Carraway in the Underlying Action.

69.     First Mercury is entitled to a declaration that March and/or Travelers is obligated to reimburse First Mercury for the defense costs that have been incurred on behalf of Corporate Drive and Carraway in the Underlying Action to date, with interest, from March 2, 2021, the date that First Mercury initially tendered the claim to March and Travelers.

70.     Plaintiffs have no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION
### (QUANTUM MERUIT/UNJUST ENRICHMENT AS TO TRAVELERS)

71.     Plaintiffs repeat, reiterate and reallege each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

72.     Travelers has improperly failed to honor its obligations under the Travelers Policies to Corporate Drive and Carraway and/or has otherwise failed to furnish them with additional insured coverage for the Underlying Action.

73.     Because of Travelers' wrongful failure and refusal to defend Corporate Drive and Carraway in the Underlying Action, First Mercury has incurred costs and expenses to defend Carraway and Corporate Drive in the Underlying Action.

74.     Corporate Drive and Carraway, by assignment, are entitled to additional insured coverage under the Travelers Policies on a primary and non-contributory basis in connection with the claims asserted in the Underlying Action.

75.     Pursuant to the "Other Insurance" clause contained in the First Mercury Policy, coverage under the First Mercury Policy is excess to any other policy providing Corporate Drive with coverage as an additional insured, including the Travelers Policies.

76.    Inasmuch as Corporate Drive and Carraway's defense has been furnished and undertaken at First Mercury's sole cost and expense, Travelers has avoided its obligation to fund Corporate Drive and Carraway's defense and, therefore, has been unjustly enriched as a result thereof.

77.    As a result of the foregoing, First Mercury is entitled to reimbursement from Travelers for all defense or indemnity costs it has incurred or will incur on behalf of Corporate Drive and Carraway in connection with the Underlying Action.

**WHEREFORE**, Plaintiffs respectfully request that the Honorable Court enter a Judgment:

1.  Declaring that March and/or Travelers are obligated to provide additional insured coverage to Corporate Drive and Carraway for the claims asserted in the Underlying Action on a primary and non-contributory basis;

2.  Declaring that March and/or Travelers must defend and indemnify Corporate Drive and Carraway in the Underlying Action on a primary and non-contributory basis;

3.  Declaring that March and/or Travelers must reimburse First Mercury for defense costs and expenses incurred to date in connection with the Underlying Action, with interest, from March 2, 2021;

4.  Declaring that Travelers has been unjustly enriched by First Mercury's payment of Corporate Drive and Carraway's defense costs and expenses in the Underlying Action;

5.  Awarding Plaintiffs attorneys' fees and costs pursuant to law; and

6.  Awarding such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       August 18, 2022

                        KENNEDYS CMK LLP

                        /s/ Joanna L. Young
                        Joanna L. Young
                        joanna.young@kennedyslaw.com

                        /s/ Christopher J. Byrne
                        Christopher J. Byrne
                        christopher.byrne@kennedyslaw.com

14

*Attorneys for Plaintiffs*
570 Lexington Avenue – 8th Floor
New York, New York 10022
(212) 252-0004
(212) 252-0444 – Fax

TO:   *Via New York State Dept. of Financial Services*:

**Travelers Indemnity Company**
One Tower Square
Hartford, CT 06183
E-mail: First.Report@travelers.com

*Via New York State Secretary of State:*

**March Associates Construction Inc.**
601 Hamburg Turnpike, Suite 300
Wayne, New Jersey 07090
Attn: Louis D. March Jr., President
loujr@marchassociates.com